IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RANDALL A. WINNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-0193-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action is for judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Randall Winningham's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. Following remand and a second administrative hearing, the Administrative Law Judge ("ALJ") found Plaintiff had numerous severe impairments, but retained the residual functional capacity ("RFC") to work as a linen room attendant, retail price marker, and production checker.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance benefits on October 14, 2008, and his application for supplemental security income on February 28, 2009. Both applications alleged a disability onset date of July 31, 2008. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. An ALJ held a video hearing on July 8, 2010, and on September 10, 2010, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on January 24, 2012, and Plaintiff appealed to the district court. On February 15, 2013, the federal district court[1] granted the Commissioner's request to remand the case pursuant to sentence four of § 205(g), 42 U.S.C. § 405(g), for further proceedings.

Plaintiff then filed a second set of applications which were also denied at the initial claim level and then by an ALJ. On September 24, 2014, the Appeals Council denied Plaintiff's request for review of these applications, and Plaintiff did not appeal this decision. This denial covered the period from September 11, 2010, through December 14, 2012. Thus, Plaintiff's claims for this period are barred by the doctrine of res judicata. This leaves the periods from July 21, 2008, through September 10, 2010, and from December 15, 2012, through November 24, 2014, to be decided.

After remand, a different ALJ held a hearing on July 18, 2014. On November 24, 2014, this ALJ issued his decision holding Plaintiff was not disabled from July 21, 2008, through September 10, 2010, and from December 15, 2012, through November 24, 2014. Because this case had already been brought before the district court, Plaintiff was not required to go before the Appeals Council a second time before returning to district court. Thus, Plaintiff has exhausted

---

[1] The Honorable Scott Wright, Senior District Judge of the Western District of Missouri.

all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**Standard of Review**

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue,* 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner,* 646 F.3d at 556.

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

**Discussion**

Plaintiff argues the ALJ's decision should be reversed or remanded because: (1) the RFC determination is unsupported by substantial evidence; and (2) the Commissioner did not sustain her burden at step five of showing that there are other jobs in the economy that he can perform. The Court holds that while there are some deficiencies in the ALJ's opinion-writing technique, these deficiencies do not warrant reversal or remand.

**I.  The ALJ's RFC determination is supported by substantial evidence.**

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to: (1) explain how much weight he gave to testimony from the 2010 hearing concerning Plaintiff's ability to perform some work-related activity; (2) discuss the testimony given by Plaintiff's wife at the 2014 hearing; (3) properly weigh the medical opinions in the record; and (4) develop the record.  These arguments are unavailing.

**A.  The ALJ did not commit reversible error by not explicitly discussing how he weighed Dr. Anigbogu's testimony.**

At the 2010 hearing, impartial medical expert ("IME") Dr. John Anigbogu, M.D. ("Dr. Anigbogu") recommended a variety of restrictions on Plaintiff's ability to work, including that he "should avoid heights, dangerous machinery, [have] a low stress environment, and also avoid noxious stimuli for his respiration problems." R. at 63.  Subsequently, during the 2014 hearing, the second ALJ received medical testimony from a different IME, Dr. Anne Winkler, M.D. ("Dr. Winkler"), who had access to a more complete medical record than Dr. Anigbogu. R. at 925-36.  In the 2014 decision, the ALJ did not mention Dr. Anigbogu's 2010 testimony, but discussed Dr. Winkler's testimony extensively.  R. at 878-82.  In relevant part, he found Plaintiff "must avoid hazardous moving machinery and unprotected heights," and he limited Plaintiff to simple, repetitive tasks with only occasional interaction with supervisors and co-workers.  R. at 878.

Plaintiff argues the Court should reverse or remand because the ALJ failed to consider Dr. Anigbogu's opinion, or alternately, failed to identify how much weight he gave it.

This claim is without merit. To begin, it appears the second ALJ not only considered Dr. Anigbogu's testimony, he largely embraced it; he just did not adopt it verbatim. Instead of finding Plaintiff "should avoid heights" and "dangerous machinery," the ALJ found Plaintiff "must avoid hazardous moving machinery and unprotected heights," which is an almost identical restriction. Although the ALJ did not mandate a low-stress environment per se, he limited Plaintiff to simple, repetitive tasks with only occasional interaction with supervisors and co-workers, a directive which effectively provided Plaintiff with a low-stress environment. Finally, the ALJ had a sound reason not to adopt Dr. Anigbogu's suggestion that Plaintiff avoid noxious stimuli: Unlike the previous ALJ, he found Plaintiff's asthma was not a severe impairment, thus there was no need to restrict him from working around noxious stimuli. R. at 16, 19, 876, 878. Tellingly, Plaintiff does not dispute the finding that his asthma was not a severe impairment.

To the degree the ALJ erred here, it was because he failed to explicitly discuss how much weight he gave Dr. Anigbogu's opinion. But this error does not warrant remand. Although it might seem like common sense to give more weight to an IME's opinion that was formulated recently with the benefit of additional, and more recent, evidence, and less weight to an opinion that was four years old; the ALJ should have explained his reasoning in his written opinion. Any error is harmless, however, for two reasons. First, it is well-settled that the ALJ's opinion need not discuss all of the evidence in the record. *See, e.g., Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (reiterating that the ALJ need not discuss every piece of evidence contained in the record). Second, given that the ALJ essentially adopted all of Dr. Anigbogu's suggested limitations that are justified by the record, the ALJ's failure to discuss exactly how much weight

5
Case 4:15-cv-00193-DGK   Document 19   Filed 09/29/16   Page 5 of 9

he gave Dr. Anigbogu's opinion had no effect on the outcome, thus it is not a basis to reverse or remand. *See Hensley v. Colvin*, No. 15-2829, –– F.3d ––, 2016 WL 3878219, at *4 (8th Cir. July 18, 2016) ("[A]n arguable deficiency in opinion writing that had no practical effect on the decision . . . is not a sufficient reason to set aside the ALJ's decision." (quoting *Welsh v. Colvin*, 765 F.3d 926, 929 (8th Cir. 2014))).

    **B.    Remand for the ALJ to comment on the testimony of Plaintiff's wife is not necessary.**

Plaintiff's wife, Patricia Winningham ("Ms. Winningham"), testified that: Plaintiff was not able to do much; he gets tired grocery shopping; he rested a lot and took two naps a day; he could hardly walk; he forgot appointments and medical instructions; he drove very little due to fatigue; he became anxious and irritated a lot; and that she did most of the housework. R. at 959-62. As above, Plaintiff argues the Court should reverse or remand because it is unclear whether the ALJ was aware of her statement, or, if he was aware of it, because he did not explain how much weight he gave her statements.

As a threshold matter, the Court infers from the record that the ALJ was aware of and considered her testimony. Ms. Winningham testified in person; in fact, she was the last witness and she testified for several minutes. R. at 958-62. While it is possible that the ALJ watched her testify and then completely forgot about her testimony in reaching his decision, this seems unlikely. This is not a case where the ALJ overlooked a third-party statement the claimant had submitted in writing. The ALJ's failure to acknowledge Ms. Winningham's testimony in his decision is not grounds for reversal or remand. *See Wildman*, 596 F.3d at 966.

But even if the Court did not infer that the ALJ considered her testimony, any error here was harmless. Where it is unclear whether the ALJ considered a third-party statement, remand is not always required. *Buckner*, 646 F.3d at 559-60. In the present case, Ms. Winningham's

testimony largely duplicated her husband's testimony. *Compare* R. at 906-23, *with* R. at 958-62. The ALJ found his testimony was not fully credible because his allegations were inconsistent with the objective medical evidence and his activities of daily living, and also because he "appeared to overemphasize his symptomatology" during a consultative examination. R. at 879-82. These findings are supported by the record. R. at 185-93, 750, 1179-81, 1198-99, 1211, 1266, 1274-75, 1300, 1347.

In fact, there is a wide gulf between Plaintiff's allegations concerning his symptoms and the objective medical evidence. R. at 879-82. This difference is sufficiently large that even if the Court were unsure whether the ALJ considered Ms. Winningham's statements, it would not order remand because the ALJ properly assessed Plaintiff's credibility, and the same evidence that discredited Plaintiff's statements also discredited his wife's statements. *See Buckner*, 646 F.3d at 560. Thus, at worst, the ALJ's failure here to discuss her testimony is a deficiency in opinion-writing technique that had no bearing on the outcome and does not warrant remand. *Id.*

### C. The ALJ did not err in weighing the medical opinion evidence.

Next, Plaintiff contends the ALJ erred in giving substantial weight to Dr. Winkler's opinion and giving only limited weight to the opinion of a consulting examiner, Dr. Lucas Schnell, D.O. ("Dr. Schnell"), because this decision is not supported by substantial evidence. In relevant part, Dr. Winkler opined that Plaintiff could sit all day and stand or walk six hours a day, while Dr. Schnell found he could sit for five hours, and stand or walk for three hours. R. at 927, 1182.

Where the record contains differing medical opinions, it is the ALJ's responsibility to resolve conflicts among them. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). In weighing a medical opinion, the ALJ should consider the length, frequency, nature, and extent of the

treatment relationship, supportability, consistency with the record as a whole, specialization of the treating source, and other factors supporting or contradicting the opinion. 20 C.F.R §§ 404.1527(c), 416.927(c). The ALJ stated he gave Dr. Schnell's opinion limited weight because it was not supported by his own objective findings, which were quite normal and did not support such restrictive limitations. R. at 882. The record supports this decision. For example, during his examination Dr. Schnell found Plaintiff had full range of motion in his lower extremities, no pain with motion, full strength, and no atrophy; a straight leg test he administered was negative; and Plaintiff's cervical, thoracic, and lumbar spines were nontender to palpation. R. at 1181. Dr. Schnell also reported Plaintiff walked with a normal gait, did not need an assistive device, and was able to heel and toe walk and squat without difficulty. *Id.* Hence, the ALJ properly concluded that Dr. Schnell's conclusion was not consistent with his own examination, and he did not err in giving it less weight.

### D. The ALJ did not need to develop the record further.

Plaintiff additionally argues the ALJ did not fulfill his duty to develop the record. Plaintiff contends the ALJ should have ordered a magnetic resonance imaging scan ("MRI") of his lumbar spine and an electromyogram test ("EMG") of his upper extremities because Dr. Schnell suggested these "would be helpful for further evaluation" of his chronic low back pain and hand numbness. R. at 1182. Plaintiff also argues the ALJ erred by not obtaining his mental health records for his claim for the period of September 11, 2010, through December 14, 2012.

This argument is without merit. It is the claimant's burden to prove her RFC, not the Commissioner's. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). The ALJ has a duty to develop the record only when a crucial issue is undeveloped and the evidence is insufficient to allow the ALJ to form an opinion. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th

8

Cir. 2011). The record was sufficiently developed here for the ALJ to find Plaintiff could perform the work described in his RFC determination. As for Plaintiff's arguments, Dr. Schnell's remark was a suggestion rather than a statement of definitive need, and the agency has already procured hundreds of pages of medical records and sent Plaintiff for multiple consultative examinations at the agency's expense.

**II. The ALJ did not err at step five in determining Plaintiff could perform other work.**

Finally, Plaintiff contends the ALJ erred at step five because he cannot perform any of the jobs—linen room attendant, retail price marker, and production checker—the ALJ identified based on the vocational expert's testimony. Plaintiff argues each of these jobs is beyond his abilities for a variety of reasons; none of these, however, are recognized in the ALJ's RFC determination. For example, Plaintiff maintains he cannot perform these jobs because they require the ability to use both hands to handle, manipulate, and feel things, and he lacks these abilities. But the ALJ did not find any such limitations in Plaintiff's ability to use his hands.

Plaintiff's argument assumes that the ALJ's RFC determination was flawed, but as discussed in part I above, substantial evidence supports it. Thus, the premise of Plaintiff's argument is not satisfied. Accordingly, the ALJ did not err in relying on the VE's answer to the hypothetical question, and the VE's testimony constitutes substantial evidence. *See Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) ("Testimony from a VE based on a properly-phrased hypothetical question constitutes substantial evidence.").

### Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   September 29, 2016              /s/ Greg Kays
                                        GREG KAYS, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

9